## HAMILTON v. MANDLE.

The petition alleged that the plaintiff had rented land from the defendants, two persons described as members of a firm and as owners of the land; that under such contract plaintiff entered into possession, and during the term of rental was wrongfully ejected from the premises by one of the defendants, such conduct being distinctly alleged to be a breach of the contract of rental. There were also allegations, in reference to the damages sustained, which might be construed as claims growing out of a tort. *Held*, that, construing the petition as a whole, it was the intention of the pleader to bring suit for breach of contract, and that it was error to dismiss the same on demurrer on the ground that it defectively set forth a cause of action for a tort.

Submitted February 10, — Decided March 25, 1898.

Action for damages. Before Judge Reese. Hancock superior court. February term, 1897.

*T. L. Reese* and *Hunt & Merritt*, for plaintiff.
*Lewis & Moore*, for defendant.

SIMMONS, C. J. George Hamilton brought suit against C. & D. Mandle, a partnership. His petition, as amended, alleged that he rented from defendants certain lands to them belonging; that he entered in good faith under a contract of rental for the year 1895; that he complied fully with such contract; that he remained in possession of the lands until about October 15, 1895, when, before the expiration of his term of rental, he was wrongfully ejected from the premises by one of the defendants; that his removal was not voluntary, but was forced by C. & D. Mandle, his landlords. It alleged damages resulting to him from this breach of contract by the partnership, and also from the appropriation of certain of his crops by C. & D. Mandle to their own use. The defendants demurred on the ground, that the suit was against the partnership for the tort of one of its members, and that inasmuch as a partnership is not liable for the torts of a partner, the plaintiff can not recover in this suit. The trial judge took this view of the case and sustained the demurrer. We think, construing the petition as a whole, that it was clearly the intention of the pleader to sue for a breach of the contract of rental. He alleged the renting of the farm from the firm; that in pursuance of this contract

he went into possession and made his crop; that one of the partners committed a breach of the contract by driving him from the premises. He alleged the amount of damages, and expressly states that he sues for a breach of the contract. These allegations show clearly that the design of the plaintiff was to sue for the breach of contract, and not for the tort. It is true that he alleges acts of violence on the part of one member of the firm and that the partnership took possession of a portion of his crop and refused to deliver it to him; but the acts of violence in driving him from the premises constituted a breach of contract as well as a tort. For the breach of the contract, he could bring his action against the partnership. For the tort, he could sue the partner who was guilty of the tortious act. He brought suit against the partnership for the breach of contract; and if his allegations are true he is entitled to recover. The court therefore erred in sustaining the demurrer.

*Judgment reversed. All the Justices concurring.*